# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ASQUITH ROY TAFFE | : | DOCKET NO. 2:05-cv-1574<br>Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| U.S. DEPARTMENT OF HOMELAND SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Asquith Taffe, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The application filed by petitioner indicates that the basis of his petition is a challenge to a deportation order or detainer placed on him by the respondent. *See* Petition, p.1, question 2f. The only statement made by him in support of the petition is that he has applied to be a citizen of the United States and passed the examination.

Petitioner's "A" number was not found in the Immigration Court Information System[1], thereby indicating that no proceedings concerning him have yet been filed with the immigration court. From this information and the few facts provided by the petitioner, it appears that petitioner is challenging an immigration detainer which has been placed on him and is seeking to prevent the

---

[1] Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A72182333).

institution of removal proceedings against him and/or have himself declared a citizen of the United States.

## LAW AND ANALYSIS

To the extent Petitioner requests this court to pronounce him a citizen of the United States, this court is without jurisdiction to do so. The law is clear that the "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a). Federal courts are without the power to confer citizenship. *INS v. Pangilinan*, 108 S.Ct. 2210 (1988). Article I, Section 8, Clause 4 of the Constitution empowers Congress to establish regulations for naturalization. The Supreme Court has made abundantly clear that a federal court may not confer citizenship to individuals, stating, "[n]either by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship...." *Pangilinan,* 486 U.S. at 884-85, 108 S.Ct. at 2217.

Likewise, to the extent that petitioner is requesting that this court either enjoin the institution of removal proceedings against him or terminate removal proceedings already commenced, this court lacks jurisdiction to grant petitioner such relief. INA § 242(g) deprives this court of jurisdiction to consider any claim which arises out of the Attorney General's decision to commence, adjudicate, or execute a removal order.

For these reasons,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.

Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE